**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**TOMMY KIMBLE**                                                                              **PLAINTIFF**

**VS.**                     **CASE NO. 2:11CV00125 HDY**

**MICHAEL J. ASTRUE, Commissioner,
    Social Security Administration**                                **DEFENDANT**

**ORDER**

      Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits (DIB) and supplemental security income (SSI). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

      This Court's review function is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." *Id*. The Court may not reverse merely because evidence would have supported a contrary outcome. *See id*.

      The only disputed issue in this case is whether plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that will result in death, or that has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 1382c(3)(A) and (B).

Plaintiff protectively filed for DIB and SSI on July 11, 2007, alleging disability beginning on December 21, 2006. His application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge (ALJ).

Plaintiff was 48 years old at the time of the hearing, which was conducted on December 15, 2009. (Tr. 36-45). The plaintiff, who completed high school and two years of college, was the sole witness at the hearing. The plaintiff has past relevant work as a factory worker and machine operator. The plaintiff testified that he last worked on December 21, 2006, the date he had a heart attack which resulted in a double bypass procedure. He stated that he could not now do a "sit down job" because of the "stress factor." (Tr. 38). The plaintiff drives "on a limited basis," and does some chores around the house. (Tr. 39). He testified to extreme fatigue every day, and indicated that three hours on his feet during a day was too much for him. (Tr. 41). He attributed his fatigue to the side effects from the heart medications. (Tr. 42). The plaintiff stated that he rests about two hours during the day on his good days, and rests five to six hours on bad days. (Tr. 42-3). On January 20, 2010, the ALJ found the plaintiff was not disabled as defined in the Social Security Act. (Tr. 14-24). The ALJ specifically found the medical evidence established the plaintiff has coronary artery disease status post heart attacks and bypass surgeries, hypertension, and hyperlipidemia. The ALJ found the plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found the plaintiff has the residual functional capacity to perform the full range of sedentary work. Relying upon the Medical -Vocational Guidelines, the ALJ found the plaintiff was not disabled. The Appeals Council, on May 23, 2011, denied plaintiff's request for review (Tr. 1-5), and plaintiff subsequently filed suit with this Court.

The ALJ considered his impairments by way of the familiar five-step sequential evaluation process.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id.*, § 404.1520©); *see* 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step three involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id.*, § 404.1520(e). If so, benefits are denied; if not, the evaluation continues.

Step five involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id.*, § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

In support of his request for reversal, plaintiff asserts that the ALJ: (1) should have considered a closed period of disability; (2) should have considered plaintiff's nonexertional limitations and, as a result, should not have used the Medical-Vocational Guidelines (the "Grids") at Step five of the sequential analysis; and (3) should have called a vocational expert to testify. *Plaintiff's brief at 8-21*. We will first consider ground one, then address grounds two and three as

one claim for relief, as the two claims overlap[1].

For the plaintiff's first claim, he urges that the ALJ should have considered a closed period of benefits from December 2006 through March 2009. To support this claim, the plaintiff points to his testimony that he suffers from fatigue and side effects from his heart medications. In March of 2009 the plaintiff underwent a physical examination, including an echocardiogram, with Dr. Isaacson. The results were essentially normal, with the physician concluding the plaintiff was "not having any problems" though he complains of "some fatigue." (Tr. 431). The plaintiff contends he was entitled to at least a closed period of benefits prior to March of 2009. The problem with this argument, however, is that the medical records do not correspond with the plaintiff's subjective complaints. The records show that the plaintiff has consistently made his physicians aware of dizziness and fatigue after his December 2006 heart surgery. Even so, his physicians have not imposed restrictions on the plaintiff. In February of 2007, the surgeon who performed the surgery instructed the plaintiff to "return to work in two weeks." (Tr. 260). In May of 2007, the plaintiff's cardiologist advised the plaintiff "to avoid strenuous physical exercise and long working hours, especially strenuous physical activity. At the same time he was advised to start exercising daily, at least 30 minutes." (Tr. 299). As a result, it is fair to summarize the treating physicians as being aware of the plaintiff's subjective complaints yet not deeming them severe enough to warrant significant restrictions on his activities. The record does not support the plaintiff's claim that he was entitled to a closed period of benefits from December of 2006 to March of 2009. The claim is without merit.

---

[1] If the plaintiff establishes the ALJ erred in relying upon the Grids (ground two) then it follows that the ALJ also erred by failing to call a vocational expert (ground three). Thus, the two grounds amount to one claim for relief.

In claims two and three, the plaintiff urges that vocational expert testimony is necessary when nonexertional impairments are present. The defendant counters that the ALJ properly discounted the plaintiff's subjective complaints regarding nonexertional impairments and therefore there was no error in relying on the Grids. We are guided on this issue by *McGeorge v. Barnhart*, 321 F.3d 766, 768 -769 (8th Cir. 2003):

> In other words, the law of this circuit states that "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Thompson v. Bowen,* 850 F.2d 346, 349-50 (8th Cir.1988).

Using the language from *McGeorge*, two questions must be answered: one, did the ALJ find that the nonexertional impairments[2] do not diminish the plaintiff's residual functional capacity to perform the full range of activities listed in the Guidelines?; and two, if the ALJ made such a finding, does the record support the ALJ's finding?

The first question is answered in the affirmative. A review of the ALJ's opinion reflects that he found the nonexertional impairments did not diminish the plaintiff's RFC to perform the full range of sedentary work. For example, the ALJ considered plaintiff's subjective allegations and found they were "exaggerated and not fully credible." (Tr. 19). To support his conclusion, the ALJ stated that he evaluated plaintiff's statements and contrasted them "with the record as a whole,

---

[2] The primary nonexertional impairments cited by the plaintiff are those related to his bypass surgery in December 2006. See docket entry no. 10, page 8. The plaintiff also mentions his hypertension, a nonexertional impairment that the ALJ found to be a severe impairment. The medical records occasionally mention the plaintiff's hypertension, including a reference to the plaintiff's failure to take his hypertension medications. (Tr. 218). Substantial evidence supports the position that the plaintiff's hypertension does not diminish his ability to perform the full range of sedentary work.

including the findings upon physical examination and diagnostic study, the claimant's course of medical treatment, the credible medical opinion of record, the claimant's activities of daily living, and the claimant's appearance and demeanor at the hearing." (Tr. 19).

The second question from the *McGeorge* case is whether the record supports the ALJ's findings concerning the nonexertional impairments. We find the record does support the ALJ's finding that the plaintiff's nonexertional impairments only minimally affect his ability to perform sedentary work. Substantial evidence of record exists to support this conclusion. It is particularly persuasive that no treating physician indicated that the nonexertional impairments required significant restrictions on the plaintiff's activities. To the contrary, the plaintiff's surgeon opined he should return to work around the first of March, 2007, with no comment on restrictions or work level. A few months later, the plaintiff's cardiologist suggested he avoid strenuous physical activity and long working hours. Implicit in this comment is that the plaintiff was not restricted from normal work hours not requiring strenuous physical exercise. For example, sedentary work would fall squarely within the confines of the cardiologist's comments. Based upon the foregoing, we find there is no merit in claims two and three of the plaintiff.

In summary, the plaintiff's arguments are without merit for the reasons stated herein. Substantial evidence supports the Commissioner's decision.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this   19   day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE